UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-1133(DSD/SER)

Brittany Jackson,

   Plaintiff,

v.                  **ORDER**

Comenity Bank,

   Defendant.

  Ryan D. Peterson, Esq. and Madgett & Peterson, LLC, 619 South 10th Street, Suite 301, Minneapolis, MN 55404, counsel for plaintiff.

  J. Grace Felipe, Esq. and Carlson & Messer LLP, 5959 W. Century Blvd. Suite 1214, Los Angeles, CA 90045 and Victor E. Lund, Esq. and The Maloney Law Firm, PLLC, 2445 Park Ave. Suite 200, Minneapolis, MN 55404, counsel for defendant.

This matter is before the court upon defendant Comenity Bank's motion to stay proceedings and compel arbitration and plaintiff Brittany Jackson's motion to strike defendant's exhibits 6, 7, and 8 or for leave to file a surreply. The court granted Comenity's motion and denied Jackson's motion from the bench with this written order to follow.

**BACKGROUND**

This dispute arises from Comenity's attempt to collect an alleged debt that Jackson owed on three store branded credit cards. Jackson alleges that Comenity violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq., and that Comenity

invaded her privacy by excessively calling her to collect the debt. ECF No. 1, Ex. A at 2-6.  Jackson brought suit in state court, and Comenity timely removed the action.  On October 24, 2016, Comenity filed a motion to stay proceedings and compel arbitration pursuant to the arbitration provisions of the credit card agreements. During briefing, Comenity, with the court's permission, filed exhibits 6, 7, and 8, which were more legible copies of the credit card agreements that were previously filed as exhibits 1, 3, and 4. Jackson moved to strike exhibits 6, 7, and 8 or, in the alternative, for leave to file a surreply.

After a hearing, the court granted Comenity's motion and denied Jackson's motion from the bench.  The court provides further analysis for its decision here.

## DISCUSSION

In deciding whether to compel arbitration under the Federal Arbitration Act, the court considers: "(1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within that agreement."  <u>Faber v. Menard, Inc.</u>, 367 F. 3d 1048, 1052 (8th Cir. 2004).

It is undisputed that there were valid contracts between Jackson and Comenity, the terms of which were outlined in the credit card agreements provided to Jackson and which contained an enforceable arbitration provision.  It is also undisputed that

Jackson agreed to the arbitration provision by failing to reject the provision and by using the credit accounts.  Therefore, the court finds that there was a valid arbitration agreement.  Further, Jackson does not dispute that her claims against Comenity are covered by the arbitration provision.  Instead, Jackson relies solely on procedural arguments, which the court finds unpersuasive. Even assuming the existence of some procedural irregularities, there is no evidence of resulting prejudice.  Indeed, the new exhibits are simply enlarged versions of previously filed exhibits.

Additionally, the court denies the motion to strike as improper because there is no basis for it either in the federal or local rules.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to strike or for leave to file a surreply [ECF No. 34] is denied; and

2. Defendant's motion to stay proceedings and compel arbitration [ECF No. 24] is granted.

Dated: October 18, 2016

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court